UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KIHARA KIARIE, et al.,                               :
                                                                          ORDER
                                                                :
              Plaintiffs,                              19 Civ. 827 (ALC) (GWG)
                                                                :
      -v.-
                                                                :
DUMBSTRUCK, INC., et. al,
                                                                :
              Defendants.                          :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

  Both parties have cited documents in support of their positions on the pending motion to amend that have not been filed publicly on ECF.  See Docket # 59 (plaintiffs' exhibits C, D, E, and F have "been marked Confidential and will not be ECF-filed"); Docket # 63 (defendants' exhibits F, G, H, and I have "been marked Confidential by Opposing Counsel and will not be ECF-filed").  Under paragraph 2.E of the Court's Individual Practices, a party seeking to file material under seal must "make a written application to the Court, citing case law and providing any factual explanation that justifies the proposed sealing."  Similarly, under the protective order in this case, "any party seeking . . . sealing shall make a written application to the Court, citing case law and providing any factual explanation that justifies the proposed sealing."  (Docket # 31 ¶ 12).  No such written application was made by either party here.

  Accordingly, whichever party is seeking to have the exhibits annexed to Docket # 59 and Docket # 63 filed under seal --- meaning the party that seeks to justify the sealing, which may not necessarily be the party that filed the documents --- is hereby ordered to submit a written application in compliance with paragraph 2.E of the Court's Individual Practices explaining why the documents or any portion thereof should be sealed under the framework set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).  This application shall be filed on or before July 8, 2020.  In the alternative, the party may instead file the omitted documents on ECF by the same date.

  The Court notes that any justification for sealing must be made as to each specific type of information withheld.  Having examined the documents, the Court finds it obvious that there is no justification for the sealing of the documents in their entireties.  At best, some extremely limited portions might meet the demanding standard set forth in Lugosch.  Thus, the party seeking sealing should make its application only as to those limited portions.  The party must also describe those portions by page and, where appropriate, line number of each document.

SO ORDERED.

Dated: July 1, 2020
      New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge