

100 Wall Street
20th Floor
New York, NY 10005

Main: 212.431.8700
Fax: 212.334.1278
foster.com

Direct Phone: 212.965.4530
maurice.heller@foster.com

July 27, 2020

**VIA ECF AND EMAIL**
alcarternysdchambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Kihara Kiarie, individually and as trustee of the Kihara Kiarie Revocable Trust v. Dumbstruck, Inc., Peter Allegretti, Michael Tanski, and Jeff Tetrault*
Case No. 19-cv-00827 (ALC) (GWG)

Dear Judge Carter:

This firm represents Plaintiff in the above matter.  We submit this letter in support of Plaintiff's application for a pre-motion conference in connection with his contemplated cross-motion for partial summary judgment in this matter.

**A.**   *Proposed Motion for Partial Summary Judgment*

Plaintiff wishes seek summary judgment on the following issues:

1.   *Defendant's Eleventh and Twelfth Affirmative Defenses*.

In their eleventh and twelfth affirmative defenses in their answer (Docket No. 21), Defendants assert that Plaintiff was not an employee of Dumbstruck, but was either an independent contractor, a potential investor or a "professional."

While the question of whether an individual is an "employee" or an "independent contractor" is normally a question of fact, the evidence that Plaintiff was indeed an employee of Dumbstruck is so overwhelming that Plaintiff submits that this issue can be decided on summary judgment.  The record is replete with admissions by the Defendants that Plaintiff was, indeed, an employee, ranging from Defendants' judicial admission in paragraph 141 of the same Answer that "[i]n 2015, Dumbstruck entered into an agreement with Plaintiff under which Dumbstruck retained Plaintiff to perform services for the Company in a role referred to as Chief Operating Officer" to the terms of the proposed written

Hon. Andrew L. Carter, Jr.
July 27, 2020
Page 2

employment contract drafted by the Defendants' counsel to a stream of concessions at the depositions of Defendants' witnesses that Plaintiff was treated and held out as an employee of Dumbstruck.

Plaintiff will also demonstrate that given his admitted position with the company, he would be classified as an "employee" under the standards issued by the Internal Revenue Service (*see, e.g.*, https://www.irs.gov/businesses/small-businesses-self-employed/s-corporation-employees-shareholders-and-corporate-officers) and related cases law.

Accordingly, Plaintiff seeks permission from the Court to move for summary judgment on this issue.

2.  *Plaintiff's Entitlement to Damages for Breach of the Stock Grant Agreement*

The evidence in this case supports a determination by this Court that Dumbstruck, as a matter of law, entered into an agreement with Plaintiff to provide Plaintiff with scheduled stock grants as partial compensation for the services he rendered to Dumbstruck and that Dumbstruck breached this agreement by not providing such stock grants.  Indeed, it is undisputed that Dumbstruck never issued such stock to Plaintiff.

While the issue of how much those stock grants are worth will be a matter for expert testimony, Plaintiff submits that his entitlement to such damages can be determined on summary judgment.

**B.**  *Plaintiff's Explanation for Stipulating to Allow Motions for Summary Judgment to Proceed Now*

In his endorsed order dated July 20, 2020, Magistrate Judge Gorenstein directed that "[t]he apparent agreement to proceed with summary judgment motions now runs directly counter to the position plaintiff took in his letter to Judge Carter (Docket # 69). Plaintiff is directed to explain his change in position in a letter to Judge Carter filed on or before July 27, 2020."

In Plaintiff's letter to your honor dated June 30, 2020, Plaintiff outlined several reasons why, in his view, Defendants' proposed motion for summary judgment is premature.  These included the pendency before Magistrate Judge Gorenstein of Plaintiff's motion to amend the complaint to add additional defendants, Defendants' failure to produce certain financial information which of necessity kept expert discovery open, that expert depositions had not as yet been taken or scheduled, the pendency of supplemental discovery requests by Defendants, and Plaintiff's own intent to move for summary judgment.

Magistrate Judge Gorenstein has now decided the motion to amend and the parties have reached agreement on the outstanding document discovery.  Plaintiff's earlier intent to seek summary judgment on the issue of the valuation of his stock grant was based on the expectation that documents would be produced by Defendants, which they had resisted producing, that would have set forth internal valuations, or admissions of value, of the common stock that would have comprised the stock grant.

Hon. Andrew L. Carter, Jr.<br>
July 27, 2020<br>
Page 3

Plaintiff had every reason to believe that such documents existed.  An email to Plaintiff by Defendant Allegretti dated October 23, 2017, referring to Dumbstruck common stock, Mr. Allegretti stated that that "the value of Dumbstruck stock has been established by sophisticated outside investors at $.093 per share."  The IRS requires that companies such as Dumbstruck, which are not publicly traded, issue valuations of its common stock pursuant to IRC section 409a.  Presentations made by Dumbstruck to its investors interested in buying its stock would necessarily contain some representation of value.

Defendants have now represented, however implausibly, that no such valuation documents exist.  Since we have no choice but to accept that representation, even though that requires us accepting that Dumbstruck may be violating IRS rules by not issuing 409a valuations and Mr. Allegretti was lying when he represented the value of Dumbstruck's common stock to Plaintiff, Plaintiff has decided to consent to having summary judgment briefing proceed concurrently with the conclusion of expert discovery.  Plaintiff's other grounds for seeking summary judgment are not dependent upon the outcome of expert discovery and can be presented now.

Thank you for your consideration of the above.

                                          Respectfully yours,

                                          FOSTER GARVEY PC

                                          Maurice W. Heller

cc:     Christopher Massaroni, Esq, (via ECF)