

**Christopher Massaroni**
Partner
Direct Dial: 518.433.2432
CMassaroni@hodgsonruss.com

July 30, 2020

<u>Via ECF</u>
Hon. Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   <u>Kihara Kiarie and Kihara Kiarie Revocable Trust v. Dumbstruck, Inc.,
Peter Allegretti, Michael Tanski, and Jeff Tetrault
Case No. 19-CV-827 (ALC) (GWG)</u>

Dear Judge Carter,

    I write on behalf of all Defendants in response to the letter of July 27 from Plaintiff's counsel seeking a pre-motion conference regarding Plaintiff's contemplated cross-motion for partial summary judgment.

    As stated in my correspondence to the Court of June 18 and July 1, this case is ripe for summary judgment motions. I believe that Defendants' motions will result in dismissal of most of Plaintiff's claims. Plaintiff's cross-motions are highly contrived and lack merit.

<center><u>Plaintiff's Cross-Motion Lacks Merit</u></center>

    Plaintiff's planned motion on the issue of whether or not Plaintiff was an employee of Dumbstruck lacks merit for multiple reasons. Initially, this is a highly fact intensive analysis which is not appropriate for summary judgment. Among other things, it is notable that in his professional curricula vitae, Plaintiff himself does not state that he was an employee of Dumbstruck, but rather characterizes himself as an "independent investor and consultant." Moreover, as stated in my correspondence of June 18, even if Plaintiff could be characterized as an "employee," he would certainly qualify as a "professional" and therefore would be exempt from the minimum wage and overtime requirements of the New York Labor Law.

    Plaintiff's planned motion for breach of the supposed stock grant agreement fails because there is no such agreement. The parties exchanged drafts but never reached agreement to the terms of such an agreement. In fact, for the reasons stated in my letter of June 18, we believe that all of Plaintiff's claims for breach of contract must be dismissed because no contracts were ever formed.

    For the foregoing reasons, Defendants will vigorously oppose Plaintiff's planned cross-motion for partial summary judgment.

Case 1:19-cv-00827-ALC-GWG   Document 80   Filed 07/30/20   Page 2 of 2

Hon. Andrew L. Carter, Jr.
July 30, 2020
Page 2



## Conclusion

In view of the foregoing, Defendants respectfully request that the Court conduct a pre-motion conference to address the motions for summary judgment from both sides. Defendants will request a briefing schedule on such motions. Also, as stated in my letter of June 18, Defendants respectfully request permission to exceed the page limit of Your Honor's Individual Practice Rules by up to 15 pages (maximum of 40 pages) for our initial memorandum of law.

We appreciate the Court's attention to this matter and look forward to a pre-motion conference.

<div style="text-align: right;">Respectfully submitted,

Christopher Massaroni
(CM-1021)</div>

cc:   Maurice Heller (*via ECF*)
      Hon. Gabriel W. Gorenstein (*via ECF*)

090989.00000 Litigation 15564319v2