USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/13/23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KIARIE,** | |
| Plaintiff, | **19-cv-00827 (ALC)** |
| -against- | |
| **DUMBSTRUCK, INC. ET AL,** | **ORDER** |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Kihara Kiarie, individually and as a trustee of the Kihara Kiarie Revocable Trust (hereinafter, "Plaintiff" or "Mr. Kiarie") brings this action against Dumbstruck, Inc. ("Dumbstruck"), Peter Allegretti, Michael Tanski, and Jeff Tetrault (collectively, "Defendants"). Plaintiff asserted claims for breach of contract, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New York Labor Law, N.Y. Lab. Law §§ 160 et seq., unjust enrichment, quantum meruit, and declaratory judgment. Defendants asserted counterclaims for breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, tortious interference with prospective economic relations, specific performance, and declaratory judgment. On September 14, 2020, Defendants filed a motion for summary judgment as to all of Plaintiff's claims as well as Defendants' counterclaims for specific performance and declaratory judgment. On the same day, Plaintiff filed a cross-motion for summary judgment on the issue of whether he was an employee of Dumbstruck. On September 30, 2021, the Court granted Defendants' motion for summary judgment in part and dismissed all of Plaintiff's claims except for his claims of unjust enrichment and quantum meruit. Therefore, the issues remaining to be tried before in this Court are Plaintiff's claims for quantum meruit and unjust enrichment and Defendants' counterclaims for breach of fiduciary duty and tortious interference with prospective economic relations.

Currently pending before the Court is Plaintiff's request to hold a jury trial on Plaintiff's remaining claims, for damages under the theories of quantum meruit and unjust enrichment. *See* Pl.'s Ltr., ECF No. 139. For the reasons herein, Plaintiff's request is **GRANTED.**

## STANDARD

Under Rule 39(a)(2) of the Federal Rules of Civil Procedure, a jury demand may be stricken if "the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The right to a jury trial, enshrined in the Seventh Amendment, is limited to "[S]uits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amend. VII. "Suits at common law" refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (emphasis in original) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 28 U.S. 433, 7 L.Ed. 732 (1830)); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (citation omitted). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Scheidt*, 293 U.S. 474, 486 (1935)).

## DISCUSSION

The Court assumes the readers' familiarity with the factual background of this case as recited in the Court's opinion resolving the parties' summary judgment motions. *See* ECF No. 108. While each side has properly preserved its right to a trial by jury, Defendants argue that the Court should strike Plaintiff's jury demand because Plaintiff's claims for quantum meruit and unjust enrichment

2

are equitable in nature and thus not triable before a jury. *See* Defs.' Ltr. at 2, ECF No. 140. Plaintiff, on the other hand, contends that: (1) his quantum meruit claim is an action at law, an offshoot of the old common law claim of assumpsit, and therefore should be tried before a jury and (2) even if his claim for unjust enrichment is equitable in nature, this Court should still send this claim to a jury. Pl's Ltr. at 3–4.

### I. The Right to Jury Trial

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law." *Simler v. Conner*, 372 U.S. 221, 222, (1963). In a federal court sitting in diversity, "the substantive dimension of the claim asserted finds its source in state law," *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), while "the characterization of that state-created claim as legal or equitable for purposes of [deciding] whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 U.S. at 222 (internal citations omitted).

To determine whether legal or equitable rights are at stake in a suit, the Supreme Court adopted a two-prong test, which considers (1) whether the plaintiff's claims have an analogous eighteenth-century action that would have been "brought in the courts of England prior to the merger of the courts of law and equity," and (2) whether "the remedy sought" is "legal or equitable in nature." *See Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417–18, (1987)); *see also Chauffeurs*, 494 U.S. at 565. "The second stage of this analysis is more important than the first." *Id*.

#### A. Quantum Meruit

Plaintiff's Complaint asserts a claim for quantum meruit and seeks money damages. The claim is set forth as follows:

3

88. In the event that Plaintiff is not legally entitled to rely upon the terms of the written but unexecuted Employment Documentation, Plaintiff is entitled to payment from Defendants in quantum meruit, because Plaintiff provided the services of a COO. Defendants assented to and received the benefit of these services for which a reasonable person would expect compensation and a reasonable person would expect to pay for such services.

89. Plaintiff is entitled to an award of damages in quantum meruit in an amount to be determined at trial.

Complaint, ECF No. 1.

Quantum meruit is a doctrine of quasi contract. *Aniero Concrete Co. v. New York City Const. Auth.*, No. 94 CIV. 3506 (CSH), 2000 WL 863208, at *10 (S.D.N.Y. June 27, 2000) (citing *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 98 (2d Cir. 1994). "Although quantum meruit has been referred to as 'equitable' in nature, and is grounded in principles of equity and fairness, it is apparent that under New York law the correct characterization of a quasi-contract quantum meruit claim is that of an action at law." *Id*. (internal citations omitted) (citing *Hudson View II Assoc. v. Gooden*, 644 N.Y.S.2d 512, 516 (App. Div. 1st Dep't 1996)). Accordingly, this claim will be tried by a jury.

### B. Unjust Enrichment Claim

"Under New York law, which applies in this case, an action to recover under a theory of unjust enrichment is 'based on the equitable principles that a person shall not be allowed to enrich himself unjustly at the expense of another.'" *Speedfit LLC v. Woodway USA, Inc*., No. 13CV1276KAMAKT, 2020 WL 3051511, at *3 (E.D.N.Y. June 8, 2020) (quoting *Banco Popular N. Am. v. Lieberman*, 75 A.D.3d 460, 463 (N.Y. App. Div. 1st Dep't 2010)). "[C]ourts have held that an unjust enrichment claim is an equitable claim that does not entitle a party to a jury trial*." Golden Pac. Bancorp v. F.D.I.C.*, No. 95 CIV. 9281 (NRB), 2002 WL 31875395, at *15 (S.D.N.Y. Dec. 26, 2002), *aff'd sub nom. Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196 (2d Cir. 2004) (citing *SEC v.*

4

*Commonwealth Chem. Secur., Inc.*, 574 F.2d 90, 95–96 (2d Cir. 1978); *Emmpressa Cubana Del Tabaco v. Culbro Corp.*, 123 F.Supp 2d 203, 206 (S.D.N.Y. 2000)). However, "an unjust enrichment claim may be properly considered by a jury trial, especially here, where there is a clear overlap of the issues in this trial." *Alan Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 17-CV-1338 (LGD), 2023 WL 4861002, at *6 (E.D.N.Y. Mar. 16, 2023), *reconsideration denied*, No. 17-CV-1338 (LGD), 2023 WL 4861658 (E.D.N.Y. May 5, 2023) (collecting cases). Accordingly, this claim will also be tried by a jury.

## CONCLUSION

For the foregoing reasons, this Court will hold a jury trial. Additionally, the Court hereby adopts the parties' revised pretrial schedule, *see* ECF No. 146. Accordingly, the parties are hereby **ORDERED** to file any motions in limine, proposed jury instructions, and voir dire questions on or by **January 8, 2024**. Responses to the motions in limine are due **January 12, 2024.** The final pretrial conference will be held on **January 19, 2024 at 11AM Eastern Time** by telephone. All parties should contact the Court at **1-888-363-4749 (access code: 3768660)**. As explained in this Court's previous Order, ECF No. 145, trial will commence on **January 22, 2024.**

**SO ORDERED.**

Dated:   October 13, 2023
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**